In the Matter of WILLIAM K. MALONEY, Individually and as Candidate for State Senator in the Thirtieth Senatorial District, et al., Petitioners, against BOARD OF ELECTIONS OF WESTCHESTER COUNTY, Respondent.

Supreme Court, Special Term, Westchester County, October 12, 1948.

*M. Cimbalo* for petitioners.

*Harry G. Herman, County Attorney,* for respondent.

FLANNERY, J. Petitioner, William K. Maloney, received a majority of the votes cast in the primary held August 24, 1948, to choose a candidate of the American Labor Party for the

office of State Senator from the Thirtieth Senatorial District in the State election appointed to be held November 2, 1948. He, apparently, was not a designated candidate for the nomination and all the votes cast for him were by ballots on which the voters had written in his name. In compliance with the third sentence of section 138 of the Election Law, the Westchester County Board of Elections attempted to notify him forthwith of his nomination but failed because it did not have his address. There were six William Maloneys listed in the Westchester County Telephone Directory, June, 1948, edition, of which two appeared merely as William Maloney, one as William C. Maloney, one as William G. Maloney, one as William J. Maloney and one as William M. Maloney. There was, however, no one listed as William K. Maloney. The board of elections, accordingly, did the best it could and mailed at White Plains, New York, on August 30, 1948, a notification of his nomination addressed to " William K. Maloney " but it was returned with the mark " Undeliverable " placed on it by the postal authorities. Petitioner Maloney learned in some way of his selection and on September 8, 1948, mailed his acceptance to the board of elections which received it on September 9, 1948, and promptly informed him it was not timely under the requirements of section 138 of the Election Law and the nomination, accordingly, null and void.

On three petitions all verified September 14, 1948, Maloney and two other candidates of the American Labor Party for other offices, Claire J. Hurwitt and S. Theodore Brewer, obtained an order, dated that day, under section 330 of the Election Law, directing the board of elections to show cause why an order should not be made requiring the board to place the names of the three candidates on the ballot as candidates of the American Labor Party in the general election for the respective offices for which they had been selected. On the return of this order to show cause there was held a long conference between the Westchester County Attorney representing the respondent board of elections and the attorney for the three candidates, Mr. Rubin. The County Attorney was of the opinion that since Hurwitt and Brewer were apparently members of the American Labor Party they probably would succeed on the application but that under the law and the facts the probability of success of petitioner, William K. Maloney, was remote and Mr. Rubin, the attorney for the three candidates on the application, agreed with the County Attorney's conclusion. After mature deliberation, therefore, it was agreed

by both sides that the names of Hurwitt and Brewer should be placed on the ballot but that the name of petitioner, William K. Maloney, should not and Mr. Rubin agreed to withdraw Maloney's application.

On October 4, 1948, Maloney obtained the order to show cause in this proceeding, returnable October 6, 1948, why his name should not be placed by the board of elections on the ballot as candidate in the general election although his prayer in the petition on which the order was issued is that the board be required to certify him as the nominee of the American Labor Party. The order was also supported by the petition of one Pasquale Barile, who says he is the chairman of the American Labor Party in Westchester County and fully familiar with all the facts in Maloney's petition.

The relief sought is confided to the court by either subdivision 2 or subdivision 3 of section 330 of the Election Law and the time limited for allowance or disallowance in any event would not expire before October 21, 1948. In this view the application would appear to be timely and it is probable, though by no means certain, that the defect in the language of section 138 of the Election Law leaves *unrequired* any acceptance by a person nominated without designation at a primary election. However, Maloney made and then deliberately, upon the advice of counsel, withdrew one application for substantially the same relief here sought. By his deliberate withdrawal and disavowal of candidacy he led the board to change position and take measures to prepare for the election by the printing and distribution of ballots and the mailing of war and absentee ballots. All this has been done in the belief that there were no more persons or party organizations believing themselves aggrieved, and Maloney by his withdrawal and, in effect, *de facto* declination raised and fostered that belief. He is, then, in the opinion of the court, estopped to bring this second proceeding or to ask that the board redo its work, that a second set of ballots be printed and distributed to the election districts, that a second set of ballots be sent to absentees and men in the military service all over the world or in hospitals, that the county incur all this great additional expense and that all other candidates and their adherents submit to the confusion and grave probability of error, disenfranchisement and injustice necessarily attendant upon the distribution in quantity of two sets of absentee and military ballots, of which some, addressed to far places, could not possibly be returned in time by the voters to be counted in the coming election. The petitioner, Maloney, voluntarily, deliberately and

upon the advice of counsel, relinquished his rights under section 330 of the Election Law and may not resume them now in a manner to work injustice to others. If it be said his adherents will thus suffer without fault, it must be remembered that many more others will suffer worse with equal innocence if the prayer of the petitions be granted.

Nor can the subjoining to Maloney's petition of the verified instrument of Pasquale Barile, called a petition, change the equities here. It is true that neither Barile as chairman, nor the executive committee of the American Labor Party in Westchester County through him, was a party to the earlier proceeding but they cannot deny that they knew of it and assisted in it. They may not, perhaps, be estopped as Maloney is but they have been guilty of laches in their delay in bringing this proceeding, certainly, since September 15th when Maloney withdrew his petition. To allow them to wait for over two weeks to bring on an application that if granted, must necessarily disrupt and confuse the election to the prejudice of voters other than those of their own party, would be injustice. They have been guilty of laches at a time when their experience should have taught them that every day, or even every hour, counts.

The application will be denied.

Submit order.